# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1763V

JACLYN MCNALLY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: December 23, 2024

*Renee J. Gentry, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 4, 2024, Jaclyn McNally filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered the Table injury of shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that she received in her left shoulder on December 7, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. On December 5, 2024 Petitioner filed an amended petition alleging that her subacromial bursitis was caused-in-fact by the flu vaccine that she received on December 7, 2019. Amended Petition at 1.

On December 18, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On December 20, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $63,097.78 (comprised

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of $62,500.00 in pain and suffering and $597.78 in past unreimbursable expenses). Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $63,097.78 (comprised of $62,500.00 in pain and suffering and $597.78 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |
|---|---|
| JACLYN MCNALLY, | |
| Petitioner, | |
| v. | No. 20-1763V |
| | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ECF |
| Respondent. | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 4, 2020, Rachel Page ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on December 7, 2019.[1]  Petition at 1.  On December 5, 2024, petitioner filed an amended petition alleging that her subacromial bursitis was caused-in-fact by the influenza vaccine she received on December 7, 2019.  Amended Petition at 1.  On December 17, 2023, the Secretary of Health and Human Services ("respondent") filed an Amended Rule 4(c) Report indicating that this case is appropriate for compensation as a cause-in-fact subacromial

---

[1] Respondent thereafter filed a Rule 4(c) Report ("Respondent's Report") defending against petitioner's claim arguing that petitioner did not meet the QAI for a Table SIRVA injury due to petitioner's lack of range of motion deficits.  *See* Respondent's Report at 5; *see also* 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10).  Petitioner subsequently filed a Memorandum on Range of Motion and SIRVA Requirements on September 15, 2024, ECF No. 33.  Respondent responded on October 31, 2024, renewing the arguments raised in respondent's Rule 4(c) Report.  ECF No. 34.  The Chief Special Master issued Findings of Fact and Conclusions of Law finding that there was a lack of preponderant evidence that petitioner suffered range of motion deficits and dismissing petitioner's Table claim for failure to meet the QAI.  ECF No. 36.

bursitis, and on December 18, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 45; ECF No. 46.

## I. Items of Compensation

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $62,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $597.78. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $63,097.78, in the form of a check payable to petitioner.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

### III. Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner, Jaclyn McNally:             **$63,097.78**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

/s/ *Camille M. Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098
Camille.M.Collett@usdoj.gov

Date: December 20, 2024